**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNISENSE FERTILITECH A/S** *et al.*,<br><br>    **Plaintiffs,**<br><br>vs.<br><br>**AUXOGYN, INC.** *et al.*,<br><br>    **Defendants.** | **Case No.: 11-CV-5065 YGR**<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED FOR MAY 8, 2012 AT 2:00 P.M.

    The Court has reviewed the parties' briefs and, thus, does not wish to hear the parties re-argue matters addressed in those papers. Each party shall have fifteen (15) minutes to address the following issues:

    1)    The test for determining subject matter jurisdiction over a declaratory judgment action is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Plaintiffs seek a declaratory judgment that the EmbryoScope® does not infringe (or induce others to infringe) the '906 Patent. The EmbryoScope® is not mentioned or referenced in any of the Defendant's letters. The parties should address how letters which refer to Plaintiffs' publications and presentations necessarily require a finding that said letters did or did not directly concern Plaintiffs' product, namely the EmbryoScope®.

    2)    In patent cases, declaratory judgment jurisdiction exists "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license."

*SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007).  Defendant's third letter advises Plaintiffs that the material Plaintiffs plan to present at a conference is "within the scope of the '906 patent claims," requests Plaintiffs not to induce others to infringe the '906 Patent, and informs Plaintiffs that if Plaintiffs induce others to infringe the '906 Patent, they will be liable for damages under the patent laws.

    a)    How does presenting material at a conference suggest, encourage, and/or indirectly induce others to use or perform the '906 Patent's claimed methods?

    b)    What cases, if any, have found that liability was warranted for someone presenting material at a conference which suggested, encouraged, and/or induced others to actually use or perform a patent without a license?

3)  If the Court finds that there is declaratory judgment jurisdiction concerning whether Plaintiffs' presentations and publications directly or indirectly infringe the '906 Patent but the Court finds that it lacks independent jurisdiction to declare whether the EmbryoScope® directly or indirectly infringes the '906 Patent, does the Court have discretion to exercise jurisdiction and make a declaratory judgment concerning whether the EmbryoScope® infringes the '906 Patent?  If not, what is the appropriate procedural response in light of the procedural posture of this case?

If the parties intend to rely on authorities not cited in their briefs, they must to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing by filing a statement of supplemental authorities, with pinpoint cites, and without argument or additional briefing.  *Cf.* Civil L. R. 7-3(d).  Counsel will be required to provide copies of the supplemental authorities at the hearing.  The parties will be given the opportunity at oral argument to explain their reliance on such authority.  The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions.

**IT IS SO ORDERED.**

Dated:  May 4, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**