**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNISENSE FERTILITECH A/S** *et al.*, <br><br> **Plaintiffs,** <br><br> vs. <br><br> **AUXOGYN, INC.** *et al.*, <br><br> **Defendants.** | **Case No.: 11-CV-5065 YGR** <br><br> **ORDER REQUESTING SUPPLEMENTAL BRIEFING ON MOTION TO DISMISS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING ISSUES FOR SUPPLEMENTAL BRIEFING.

During oral argument on Defendants' Motion to Dismiss, heard on May 8, 2012, Defendants argued that Plaintiffs have not identified any acts of direct infringement; that if there is no direct infringement by anyone, then there can be no induced infringement, and thus, Plaintiffs are not entitled to a declaration that their acts or product does not induce others to infringe. This issue was not addressed in the parties' briefs.

The Court **ORDERS** the parties to submit supplemental briefing on the following issues:

1) In determining whether there is a sufficient controversy to warrant issuance of a declaratory judgment, the Court looks to the "character of the threatened action" and "examines the declaratory *defendant's* hypothetical well-pleaded complaint to determine if subject matter jurisdiction exists." *ABB Inc. v. Cooper Industries, LLC*, 635 F.3d 1345, 1349-50 (Fed. Cir. 2011) (emphasis in original). Plaintiffs seek a declaratory judgment that, *inter alia*, the EmbryoScope®, Plaintiffs' presentations, and Plaintiffs' publications do not induce others to infringe the '906 Patent.

    a) The elements of a cause of action for inducement of patent infringement are: (i) that there has been direct infringement, and (ii) that the defendant knowingly induced another to infringe. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060 (2011). What are the

elements or pleading requirements for a declaratory plaintiff to establish subject matter jurisdiction for a court to issue a declaratory judgment regarding inducement of patent infringement? The parties should focus on whether Plaintiffs need to identify ongoing or planned acts of direct infringement of the '906 Patent.

    b) In order to show direct infringement of a patent, a patentee must either (a) "point to specific instances of direct infringement"; or (b) "show that the accused device necessarily infringes the patent in suit." *ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007) (citing *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1275-76 (Fed. Cir. 2004)). Assuming *arguendo* that a declaratory judgment plaintiff must allege direct infringement, the parties should address whether Plaintiffs have alleged direct infringement.

    2) Can instructing others on how to perform the claims of a patent method constitute direct infringement? The parties should focus on whether a publication or presentation can directly infringe a method patent, and if so, explain how.

The parties shall simultaneously file and serve opening supplemental briefs of no more than five pages by no later than **June 1, 2012**. The parties may file and serve responsive supplemental briefs of no more than three pages by no later than **June 8, 2012**.

**IT IS SO ORDERED.**

Dated: May 23, 2012

                                              **YVONNE GONZALEZ ROGERS**
                                              **UNITED STATES DISTRICT COURT JUDGE**